Filing # 48606071 E-Filed 11/07/2016 04:59:46 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CIVIL ACTION

WILLIE JAMES STEVENSON,

    Plaintiff,

vs.

CASE NO.: 16-CA-003930

2:16-CV-876-FtM-99MRM

CITY OF FORT MYERS, a municipal corporation; MIKE SCOTT, in his official capacity as Sheriff of Lee County, Florida; DENNIS EADS, in his official capacity as Chief of Fort Myers Police Department; WILLIAM SCHULTE, in his official capacity and individually; JACK MILLARD, in his official capacity and individually; GABRIEL ROSE, in his official capacity and individually; and RUSSELL PARK, in his official capacity and individually.

    Defendants.    /

## COMPLAINT

COMES NOW the Plaintiff, WILLIE JAMES STEVENSON, and hereby sues Defendants, CITY OF FORT MYERS, a municipal corporation; MIKE SCOTT, in his official capacity as Sheriff of Lee County, Florida; DENNIS EADS, in his official capacity as Chief of Fort Myers Police Department; WILLIAM SCHULTE, in his official capacity and individually; JACK MILLARD, in his official capacity and individually; GABRIEL ROSE, in his official capacity and individually; and RUSSELL PARK, in his official capacity and individually:

### PARTIES

1. Plaintiff, WILLIE JAMES STEVENSON (hereinafter "Plaintiff" or "Stevenson"), was at all times relevant hereto, a citizen of Florida domiciled in Lee County, Florida and was over the age of eighteen.

2. At all material times hereto, Defendant, CITY OF FORT MYERS (hereinafter "City"), is a municipal corporation in Lee County, Florida.

3. Fort Myers Police Department is the law enforcement division of the City of Fort Myers and consists of a police chief and police officers who, at all times relevant were acting under the color of law.

4. At all material times hereto, Defendant, MIKE SCOTT (hereinafter "Sheriff"), in his official capacity, is the Sheriff of Lee County, Florida, and as such, is a constitutional officer of the State of Florida, whose position is organized and exists under and by virtue of the laws of the State of Florida.

5. At all material times hereto, Defendant, DENNIS EADS (hereinafter "Chief"), in his official capacity, in the Chief of Fort Myers Police Department., Fort Myers, Florida.

6. Defendant, WILLIAM SCHULTE (hereinafter "Schulte"), is an officer employed by the Fort Myers Police Department, is over the age of eighteen and upon information and belief is a citizen of Florida domiciled in Lee County, Florida, and is being sued in his official and individual capacities. At all times relevant hereto Schulte was acting under the color of law as law enforcement officers of the State of Florida.

7. Defendant, JACK MILLARD (hereinafter "Millard"), is an officer employed by the Fort Myers Police Department, is over the age of eighteen and upon information and belief is a citizen of Florida domiciled in Lee County, Florida, and is being sued in his official and individual capacities. At all times relevant hereto Millard was acting under the color of law as law enforcement officers of the State of Florida.

8. Defendant, GABRIEL ROSE (hereinafter "Rose"), is a deputy employed by the Lee County Sheriff's Office, is over the age of eighteen and upon information and belief is a citizen of Florida domiciled in Lee County, Florida, and is being sued in his official and individual capacities. At all times relevant hereto Rose was acting under the color of law as law enforcement officers of the State of Florida.

9. Defendant, RUSSELL PARK (hereinafter "Park"), is a deputy employed by the Lee County Sheriff's Office, is over the age of eighteen and upon information and belief is a citizen of Florida domiciled in Lee County, Florida, and is being sued in his official and individual capacities. At all times relevant hereto Park was acting under the color of law as law enforcement officers of the State of Florida.

## VENUE AND JURISDICTION

10. This is an action for damages that exceed $15,000.00, exclusive of costs and attorney's fees.

11. Venue is proper in this Court as the wrongful acts complained of occurred within Lee County, Florida.

12. Pursuant to § 768.28(6)(a), Florida Statutes, Plaintiff has notified City of his claims prior to the filing of this action and said claims were not resolved as the City did not respond to said notice.

13. Plaintiff has also complied with § 768.28(6)(a) by providing notice and service to the Florida Department of Financial Services.

## GENERAL ALLEGATIONS

14. On or about October 14, 2015 at approximately 05:03p.m., while working as part of a joint task force between the Fort Myers Police Department (FMPD) and the Lee County Sheriff's Office (LCSO), Park and Millard initiated a traffic stop on a white Hyundai Elantra.

15. There were two people in the car, Stevenson and Terrance Lamar Scurry (hereinafter "Scurry").

16. The vehicle pulled over, pursuant to the officers' orders, on South Street due to the driver not wearing a seatbelt.

17. During the traffic stop, Shulte and Rose arrived on scene (hereinafter, along with Park and Millard, collectively the "task force").

18. Park spoke with both Stevenson and Scurry, and described them as "upset and agitated," which Park knows to be "behavior consistent with how criminals interact with law enforcement."

19. In preparation of a K-9 search of the car, Park ordered both Stevenson and Scurry to step out of the vehicle.

20. Park proceeded to search Stevenson for weapons and drugs, including a search of Stevenson's crotch area, through both visual and manual manipulation and inspection.

21. During the search of Stevenson, Park felt a foreign object in his crotch area.

22. Stevenson was also subjected to a body cavity search through digital penetration of his rectum.

23. Park then proceeded to conduct a K-9 search of the car.

24. After finishing the K-9 search, Park proceeded to again search Stevenson's crotch area, through both visual and manual manipulation and inspection.

25. Both searches of Stevenson were conducted in plain view of members of the community and in a populated residential neighborhood.

26. Stevenson was subsequently placed under arrest.

## COUNT I: VIOLATION OF FLORIDA STATUTE SECTION 901.211 AGAINST TASK FORCE

### (Illegal Strip Search)

27. This is a cause of action for violation of Stevenson's rights pursuant to Fla. Stat. §901.211 by the officers illegally strip searching Stevenson and for damages.

28. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

29. Stevenson has the right under Fla. Stat. § 901.211 to be free from illegal strip searches by law enforcement officers.

30. Fla. Stat. § 901.211(1) defines "strip search" as, "having and arrested person remove or arrange some or all of his or her clothing so as to permit a visual or manual inspection of the genitals; buttocks; anus; breasts, in the case of a female; or undergarments of such person.

31. Fla. Stat. § 901.211(3) requires strip searches to be performed "on premises where the search cannot be observed by persons not physically conducting or observing the search pursuant to this section. Any observer shall be of the same gender as the arrested person."

32. Fla. Stat. § 901.211(5) requires written authorization of the supervising officer on duty prior to a law enforcement officer ordering a strip search.

33. On October 14, 2015, Schulte, Millard, Rose, and Park, under color of law, violated Stevenson's right to be free from illegal strip searches.

34. After being placed under arrest, Stevenson was subjected to a strip search, during the day, in the plain view of the public, in view of members of the opposite sex, by the task force.

35. Stevenson's groin, buttocks, anus, and undergarments were both visually and manually inspected by the task force.

36. This strip search took place in plain sight of members of the community. These community members were not conducting the search, nor were they observing the search pursuant to Fla. Stat. §901.211.

37. On October 14, 2015 each member of the task force, under the color of law, violated Stevenson's statutory right to be free from an illegal strip search.

38. No law enforcement officer in the task force's position could have thought that a strip search of Stevenson, conducted in the manner described above, would be lawful in light of the facts confronting such officer.

39. The task force had no legal right to strip search Stevenson in the manner described.

40. Furthermore, no member of the task force secured the written authorization of the supervising officer on duty prior to conducting the illegal strip search.

41. The task force's actions were wrongful and unlawful, and they were carried out in furtherance of the policies and practices created by the City, Sheriff, and Chief.

42. The task force's actions are not acceptable in a civilized society.

43. Violation of Stevenson's rights entitles him to an award of damages for loss of those rights and the damages that resulted therefrom.

44. Although such actions were taken in furtherance of a policy, practice, and custom of the City, Sheriff, and Chief, a reasonable law enforcement officer would have known that the actions were violative of Stevenson's statutory rights.

45. As a direct result of the task force's actions, Stevenson has suffered damages.

46. While viewed in their totality, the task force's actions evidence a disregard of, or indifference to, the rights and safety of Stevenson.

47. Stevenson has retained the undersigned counsel to bring this action and is entitled to recover from the task force a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to enter an award of damages in favor of Stevenson and against the Defendants that comprise the members of the task force, in their individual and official capacities, to award Stevenson his attorney's fees and costs, and any other equitable relief this Court deems just and

proper. Stevenson further requests injunctive relief to prevent the task force from continuing to implement the policies, practices, and procedures set forth herein.

## COUNT II: VIOLATION OF FLORIDA STATUTE SECTION 901.211 AGAINST SHERIFF

### (Illegal Strip Search)

48. This is a cause of action for violation of Fla. Stat. §901.211 against Defendant Sheriff and for damages based upon the alleged being taken in furtherance of the Sheriff's policies and practices.

49. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

50. Stevenson has the right under Fla. Stat. § 901.211 to be free from illegal strip searches by law enforcement officers.

51. In violation of his statutory rights, Stevenson was wrongfully searched on or about October 14, 2015 at the hands of the task force who were acting in accordance with, and in furtherance of, the policies and practices of the Sheriff as more fully described above.

52. Further, it is Sheriff's custom and policy to encourage his law enforcement officers to conduct illegal strip searches. It is a custom, policy, and practice of Sheriff to ignore and fail to discipline misconduct by his deputies when they conduct illegal strip searches.

53. On or about October 14, 2015, Defendant Sheriff, through his employees and agents, acting in a course and scope of their duties as law enforcement officers, under the color of law, deprived Stevenson of his rights under Florida Statutes in violation of Fla. Stat. §901.211, in that, Stevenson was illegally strip searched, and thus damaged.

54. Violation of his statutory rights entitles Stevenson to an award of damages for loss of those rights and the damages that resulted thereof.

55. Sheriff, through his employees and agents acting in the course and scope of their duties as law enforcement officers, took the actions complained of above with knowledge that the actions were in direct violation of Florida Statutes and the rights of Stevenson.

56. The acts of the Sheriff violated the statutory rights of Stevenson.

57. Sheriff's policies, customs, and procedures, or lack thereof, were the driving force causing the task force to act as above described, including the illegal strip search of Stevenson.

58. The actions of the task force were approved or ratified by the Sheriff.

59. When viewed in their totality, the task force's actions, as ratified by the Sheriff, evidence the Sheriff's disregard of, or indifference to, the rights and safety of Stevenson.

60. As a direct result of the Sheriff's policies, customs, and procedures, Stevenson suffered damages resulting from the violation of his statutory rights.

61. Stevenson has retained the undersigned counsel to bring this action and is entitled to recover from the Sheriff a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to enter an award of damages in favor of Stevenson and against Defendant Sheriff, to award Stevenson his attorney's fees and costs, and any other equitable relief this Court deems just and proper. Stevenson further requests injunctive relief to prevent the Sheriff from continuing the policies, practices, and procedures set forth herein.

## COUNT III: VIOLATION OF FLORIDA STATUTE SECTION 901.211 AGAINST CITY AND CHIEF

### (Illegal Strip Search)

62. This is a cause of action for violation of Fla. Stat. §901.211 against Defendants City and Chief and for damages based upon the alleged being taken in furtherance of the City's and Chief's policies and practices.

63. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

64. Stevenson has the right under Fla. Stat. § 901.211 to be free from illegal strip searches by law enforcement officers.

65. In violation of his statutory rights, Stevenson was wrongfully searched on or about October 14, 2015 at the hands of the task force who were acting in accordance with, and in furtherance of, the policies and practices of the City and Chief as more fully described above.

66. Further, it is the City's and Chief's custom and policy to encourage their law enforcement officers to conduct illegal strip searches. It is a custom, policy, and practice of the City and Chief to ignore and fail to discipline misconduct by their officers when they conduct illegal strip searches.

67. On or about October 14, 2015, Defendants City and Chief, through their employees and agents, acting in a course and scope of their duties as law enforcement officers, under the color of law, deprived Stevenson of his rights under Florida Statutes in violation of Fla. Stat. §901.211, in that, Stevenson was illegally strip searched, and thus damaged.

68. Violation of his statutory rights entitles Stevenson to an award of damages for loss of those rights and the damages that resulted thereof.

69. City and Chief, through their employees and agents acting in the course and scope of their duties as law enforcement officers, took the actions complained of above with knowledge that the actions were in direct violation of Florida Statutes and the rights of Stevenson.

70. The acts of the City and Chief violated the statutory rights of Stevenson.

71. The City's and Chief's policies, customs, and procedures, or lack thereof, were the driving force causing the task force to act as above described, including the illegal strip search of Stevenson.

72. The actions of the task force were approved or ratified by the City and Chief.

73. When viewed in their totality, the task force's actions, as ratified by the City and Chief, evidence the City's and Chief's disregard of, or indifference to, the rights and safety of Stevenson.

74. As a direct result of the City's and Chief's policies, customs, and procedures, Stevenson suffered damages resulting from the violation of his statutory rights.

75. Stevenson has retained the undersigned counsel to bring this action and is entitled to recover from the City and Chief a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to enter an award of damages in favor of Stevenson and against Defendants City and Chief, to award Stevenson his attorney's fees and costs, and any other equitable relief this Court deems just and proper. Stevenson further requests injunctive relief to prevent the City and Chief from continuing the policies, practices, and procedures set forth herein.

## COUNT IV: NEGLIGENT SUPERVISION AND TRAINING BY SHERIFF

76. This is an action for negligent supervision and training by Sheriff of the task force.

77. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

78. The Sheriff has a legal duty to supervise and train the task force, as well as the rest of his deputies.

79. The Sheriff also has a duty to implement appropriate policies and procedures regarding strip searches performed by his deputies.

80. The Sheriff negligently breached these duties by implementing policies and practices that encouraged performing illegal strip searches and by failing to properly supervise and train the task force in the proper way to conduct a strip search.

81. It was reasonably foreseeable that the Sheriff's failure to implement appropriate procedures and failure to properly train his deputies would cause citizens, like Stevenson, to be damaged at the hands of the Sheriff's deputies.

82. Such failure to properly train and supervise the task force caused the aforementioned damages to Stevenson.

83. Stevenson has retained the undersigned counsel to bring this action and is entitled to recover from the Sheriff a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter and award of damages against Sheriff for all damages allowed by law, to include damages for Stevenson's pain, suffering, bodily injury, permanent scarring, disfigurement, loss of enjoyment of life, medical bills, both past and future, embarrassment, inconvenience, mental anguish, and such other and further relief this Honorable Court deems just and equitable under the circumstance. Stevenson further requests injunctive relief to prevent the Sheriff from continuing the policies, practices, and procedures set forth herein.

## COUNT V: NEGLIGENT SUPERVISION AND TRAINING BY CITY AND CHIEF

84. This is an action for negligent supervision and training by the City and Chief of the task force.

85. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

86. The City and Chief have a legal duty to supervise and train the task force, as well as the rest of their officers.

87. The City and Chief also have a duty to implement appropriate policies and procedures regarding strip searches performed by their officers.

88. The City and Chief negligently breached these duties by implementing policies and practices that encouraged performing illegal strip searches and by failing to properly supervise and train the task force in the proper way to conduct a strip search.

89. It was reasonably foreseeable that the City's and Chief's failure to implement appropriate procedures and failure to properly train their officers would cause citizens, like Stevenson, to be damaged at the hands of the City's and Chief's officers.

90. Such failure to properly train and supervise the task force caused the aforementioned damages to Stevenson.

91. Stevenson has retained the undersigned counsel to bring this action and is entitled to recover from the City and Chief a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter and award of damages against the City and Chief for all damages allowed by law, to include damages for Stevenson's pain, suffering, bodily injury, permanent scarring, disfigurement, loss of enjoyment of life, medical bills, both past and future, embarrassment, inconvenience, mental anguish, and

such other and further relief this Honorable Court deems just and equitable under the circumstance. Stevenson further requests injunctive relief to prevent the City and Chief from continuing the policies, practices, and procedures set forth herein.

### COUNT VI: CIVIL CONSPIRACY AMONG ALL DEFENDANTS

92. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

93. This is a cause of action for civil conspiracy among the City, task force, Sheriff, and Chief.

94. The City, task force, Sheriff, and Chief conspired to illegally strip search Stevenson, in violation of Stevenson's statutory rights.

95. All members of the task force were physically present and aware of the illegal strip search of Stevenson.

96. Instead of taking actions to prevent the deprivation of Stevenson's statutory rights, as previously alleged, all members of the task force either assisted in the illegal strip search or observed the illegal strip search.

97. The Sheriff has policies, practices, procedures, and customs that encourage illegal strip searches by his deputies.

98. Because the Sheriff encourages such conduct by his employees by and through these policies and practices, the Sheriff is liable for Stevenson's damages.

99. The Chief has policies, practices, procedures, and customs that encourage illegal strip searches by his officers.

100. Because the Chief encourages such conduct by his employees by and through these policies and practices, the Chief is liable for Stevenson's damages.

101. The City has policies, practices, procedures, and customs that encourage illegal strip searches by their officers.

102. Because the City encourages such conduct by their employees by and through these policies and practices, the City is liable for Stevenson's damages.

103. The lack of review, investigation, and response of the complaint in this matter is consistent with the City's, Sheriff's, and Chief's general practice of not properly investigating complaints against their respective deputies and officers and properly disciplining them in order to permit and encourage the illegal strip searches.

104. Since each Defendant was aware of the unlawful and wrongful acts, was in a position to prevent such acts, and took no action to do so, each is liable for Stevenson's damages.

105. All such acts were unlawful and committed by unlawful means, and were further committed in the pursuance and furtherance of said conspiracy.

106. Stevenson was damaged as a result of such acts done under the conspiracy.

107. Stevenson has retained the undersigned counsel to bring this action and is entitled to recover from all Defendants a reasonable fee for said counsel.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter and award of damages against all Defendants for all damages allowed by law, to include damages for Stevenson's pain, suffering, bodily injury, permanent scarring, disfigurement, loss of enjoyment of life, medical bills, both past and future, embarrassment, inconvenience, mental anguish, and such other and further relief this Honorable Court deems just and equitable under the circumstance. Stevenson further requests injunctive relief to prevent the City, task force, Sheriff and Chief from continuing the policies, practices, and procedures set forth herein.

## COUNT VII: VIOLATION OF 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

108. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

109. This is a cause of action for violation of Stevenson's civil rights under 42 U.S.C. §1983 when the Defendants unreasonably searched Stevenson and for damages.

110. The unreasonable search of Stevenson was performed pursuant to policies, practices and customs of the City, Chief, Sheriff, and the task force.

111. Florida Statute §901.211 provides the framework for how to perform a reasonable strip and body cavity search.

112. Strip and body cavity searches are done as a matter of routine and are authorized, permitted, facilitated and encouraged in accordance with the established policies, practices and customs of these Defendants which include, but are not limited to:

   a. failing to investigate the facts known in order to determine if there is probable cause to incarcerate and/or detain;

   b. detaining suspects without reasonable suspicion;

   c. incarcerating and/or detaining suspects without probable cause;

   d. exceeding the scope of a reasonable search;

   e. abusing subjects in custody, including intimidation, threats or coercion during incarceration and/or search;

   f. failing to train officers and employees on the proper method of interrogation, incarceration and search;

   g. searching arrestees without probable cause or written consent in violation of law.

113. The Defendants' policies, practices, and customs regarding the unreasonable search complained of herein violated Stevenson's right to be free from unreasonable search

and seizure pursuant to the Fourth Amendment to the United States Constitution, and violated his right to due process, privacy, and equal protection under the Fourteenth Amendment, and directly and proximately damaged Stevenson as alleged herein, entitling him to damages pursuant to 42 U.S.C. §1983.

114. As a result of being subjected to the unreasonable search, Stevenson suffered emotional distress, mental anguish, public humiliation, embarrassment, loss of capacity for the enjoyment of life, loss of wages, and related expenses and legal costs and attorneys' fees.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter and award of damages against all Defendants for all damages allowed by law, to include damages for Stevenson's pain, suffering, bodily injury, permanent scarring, disfigurement, loss of enjoyment of life, medical bills, both past and future, embarrassment, inconvenience, mental anguish, and award attorneys' fees and costs to Stevenson pursuant to 42 U.S.C. §1988, and such other and further relief this Honorable Court deems just and equitable under the circumstance. Stevenson further requests injunctive relief to prevent the City, task force, Sheriff and Chief from continuing the policies, practices, and procedures set forth herein.

## COUNT VIII: VIOLATION OF 42 U.S.C. §1983 AGAINST ALL DEFENDANTS – CONSPIRACY

115. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

116. This is a cause of action for violation of Stevenson's civil rights under 42 U.S.C. §1983 when the Defendants conspired to unreasonably search Stevenson and for damages.

117. As a result of the concerted, unlawful, and malicious conspiracy of the Defendants, Stevenson was deprived of his right to remain free from unreasonable searches, his liberty without due process of law, his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter a judgment for the conspiracy against all the Defendants jointly and severally, and award of damages against all Defendants for all damages allowed by law, to include damages for Stevenson's pain, suffering, bodily injury, permanent scarring, disfigurement, loss of enjoyment of life, medical bills, both past and future, embarrassment, inconvenience, mental anguish, and award attorneys' fees and costs to Stevenson pursuant to 42 U.S.C. §1988, and such other and further relief this Honorable Court deems just and equitable under the circumstance. Stevenson further requests injunctive relief to prevent the City, task force, Sheriff, and Chief from continuing the policies, practices, and procedures set forth herein.

## COUNT IX: VIOLATION OF 42 U.S.C. §1983 AGAINST ALL DEFENDANTS - REFUSING OR NEGLECTING TO PREVENT

118. Stevenson re-alleges and re-avers the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

119. This is a cause of action for violation of Stevenson's civil rights under 42 U.S.C. §1983 when the Defendants refused or neglected to prevent the unreasonable search of Stevenson and for damages.

120. At all times relevant to this Complaint, the task force was acting under the direction and control of the City, Sheriff, and Chief.

121. Acting under color of law and pursuant to official policies or customs, the Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the task force in their duties to refrain from:
    a. unlawfully and maliciously harassing Stevenson who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
    b. unlawfully and maliciously arresting, imprisoning and prosecuting Stevenson who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
    c. conspiracy to violate the rights, privileges, and immunities guaranteed to Stevenson by the Constitution and laws of the United States and the laws of the State of Florida; and
    d. otherwise depriving Stevenson of his constitutional and statutory rights, privileges, and immunities.
122. The Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done by the task force, as heretofore alleged, were about to be committed.
123. The Defendants had power to prevent and aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.
124. The Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the task force as described above.

125. As a direct and proximate cause of the negligent and intentional acts of the Defendants as set forth above, Stevenson suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

WHEREFORE, for the foregoing reasons, Stevenson respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter and award of damages against all Defendants for all damages allowed by law, to include damages for Stevenson's pain, suffering, bodily injury, permanent scarring, disfigurement, loss of enjoyment of life, medical bills, both past and future, embarrassment, inconvenience, mental anguish, and award attorneys' fees and costs to Stevenson pursuant to 42 U.S.C. §1988, and further relief this Honorable Court deems just and equitable under the circumstance. Stevenson further requests injunctive relief to prevent the City, task force, Sheriff and Chief from continuing the policies, practices, and procedures set forth herein.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable herein.

Respectfully submitted,

_/s/ Sawyer C. Smith_

Sawyer C. Smith
Florida Bar No. 630608
Wilbur Smith Attorneys at Law
1415 Hendry Street
Fort Myers, FL 33901
Telephone: 239.334.7696
scsmith@wilburlaw.com
kmunnally@wilburlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2016, I electronically filed the foregoing with the Clerk of the Court by using Florida E-Filing Portal, which will provide service to attorneys of record.

Sawyer C. Smith
Florida Bar No. 630608